**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RKS DESIGN INTERNATIONAL, ) <br> a California corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THANE INTERNATIONAL, INC., ) <br> a Delaware corporation, ) <br> ) <br> Defendant. ) | Case No. CIV-06-650-M |

## ORDER

Before the Court is defendant Thane International, Inc.'s ("Thane") Motion to Transfer under 28 U.S.C. Section 1404(a), filed August 9, 2006. On September 22, 2006, plaintiff RKS Design International ("RKS") filed its response, and on October 6, 2006, Thane filed its reply. Based upon the parties' submissions, the Court makes its determination.

Thane moves this Court to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.[1]

28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing

---

[1] The parties do not dispute that this action could have been brought in the United States District Court for the Central District of California.

that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.*

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)). "However, this factor has reduced value where there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action." *Roc, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 151 (W.D. Okla. 1979).  *See also Jacobs*, 526 F. Supp. at 769.

Having carefully reviewed the parties' submissions, the Court finds in the interest of justice and judicial economy, and for the convenience of the parties and witnesses, the case at bar should be transferred to the United States District Court for the Central District of California.  First, the Court finds that RKS' choice of forum has reduced value in this case because the conduct underlying RKS' causes of action all occurred in California.  Both RKS and Thane's principal place of business

is in the Central District of California. Additionally, the contract at issue in this action was negotiated, signed, and performed in California. Further, the acts and omissions alleged in the Complaint occurred in California.

Second, the Court finds the convenience of the parties and the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure the attendance of witnesses, weighs heavily in favor of transferring the instant action. Specifically, the Court finds that all party and non-party witnesses and all documents relevant to the instant action are located in California, and most, if not all, are located in the Central District of California. Thane has identified twenty-five such witnesses whose trial testimony is necessary. RKS has not identified any witnesses or documents that are located in Oklahoma. In fact, the only connection to Oklahoma is the fact that RKS' counsel are located in Oklahoma – a fact which is not relevant to the Court's determination whether to transfer this action.

Third, the Court finds the advantage of having a local court determine questions of local law weighs in favor of transferring this case. The contract at issue in this action provides that the laws of the State of California will govern its interpretation and the rights and obligations of the parties to it.

Fourth, the Court finds that the difficulties that may arise from congested dockets neither weighs in favor nor against transferring this action. While it is true that the Central District of California has substantially more cases than the Western District of Oklahoma, the rate at which cases are disposed is not substantially better in the Western District of Oklahoma. In fact, while the average time for a civil case from filing to trial in the Central District of California is 20.5 months and in the Western District of Oklahoma is 15 months, the average time for a civil case from filing

to disposition in the Central District of California is 7.4 months and in the Western District of Oklahoma is 8.3 months.

Finally, the Court finds that transferring this action to the Central District of California does not merely shift the burden to RKS. Because RKS' principal place of business is located in California and because all of the witnesses and evidence is located in California, the Court finds the Central District of California is, in fact, a convenient forum for RKS. While RKS may have to hire California counsel and/or its Oklahoma counsel may have to travel to California, the Court finds that this slight inconvenience does not outweigh the factors set forth above which weigh heavily in favor of transferring this action to the Central District of California.

Accordingly, for the reasons set forth above, the Court GRANTS Thane's Motion to Transfer under 28 U.S.C. Section 1404(a) [docket no. 15] and TRANSFERS this action to the United States District Court for the Central District of California.

**IT IS SO ORDERED this 7th day of November, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE